**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**EDDIE WILLIAMS**                                                                      **PETITIONER**

vs.                                                    **CIVIL ACTION NO.: 1:11cv262-SA-SAA**

**CIRCUIT COURT OF LOWNDES COUNTY**                                **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Before the Court are the pro se petition for writ of habeas corpus filed on or about December 13, 2011, by Petitioner, and Respondent's motion to dismiss the petition for failure to state a claim upon which relief can be granted.[1] Upon due consideration, the Court is of the opinion that the motion be granted and the petition dismissed, for the reasons that follow.

**Facts and Procedural History**

On May 11, 2007, Petitioner was indicted in the Lowndes County Circuit Court, Cause No. 2007-0388-CR1 for one count of burglary and larceny of an automobile and seven counts of burglary of an automobile.[2] He pled not guilty to the charges, and the case was scheduled for trial on August 21, 2007.[3] Several agreed orders of continuance were subsequently entered, and Petitioner's trial was scheduled for February 22, 2010.[4] Petitioner failed to appear on that date, and a bench warrant issued for his arrest.[5] Petitioner was arrested, and following several more

---

[1] *See* doc. entry no. 9.

[2] R. Mot. to Dismiss, Ex. A.

[3] *Id.*, Ex. B.

[4] *Id.*

[5] *Id.*, Ex. C.

orders of continuance, his case was scheduled for trial on May 21, 2012.[6]

Petitioner filed a petition for writ of habeas corpus in this Court alleging that the bench warrant issued against him was unlawful, as he was never given any notification that he would have to appear in court to answer the 2007 charges. He argues that he was never scheduled a date to appear to respond to the bench warrant, and that his incarceration is unjustifiable. He asks this Court to provide him with "any relief" to which he is entitled.

## Law and Analysis

Although Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254, he was actually a pretrial detainee at the time the action was filed. Therefore, the petition is governed by 28 U.S.C. § 2241, which requires the prisoner to show that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Before a judgment of conviction is rendered by a state court, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge," and a habeas petitioner may not interfere with "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489, 493 (1973). Whether federal habeas relief is available under § 2241 largely turns on the relief sought by the petitioner. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). A petitioner's attempt to prevent prosecution is typically not actionable in federal habeas, however, "an attempt to force the state to go to trial" is actionable if the petitioner has first exhausted his state remedies. *Id.*

In this case, Petitioner is essentially seeking to litigate a defense to the charges against him, which can be resolved by a trial on the merits in State court. *See Dickerson v. Louisiana*,

---

[6] *Id.*, Ex. D.

816 F.2d 220, 225 (5th Cir. 1987). To the extent that Petitioner's argument is that the Court should force the State to bring him to trial on those charges, the Court finds that the docket sheet from the Lowndes County Circuit Clerk establishes that his case was set for trial by notice entered March 6, 2012.[7] The Court notes that the circuit court's docket sheet shows that the majority of continuances entered by the trial court were granted upon the submission of agreed orders, which clearly indicates an awareness by Petitioner's attorney of scheduling in the case.[8] Additionally, the Court can find no evidence that Petitioner has "fairly presented" the substance of his federal claims to the State's highest court in a "procedurally proper manner" as required to exhaust his claims. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Since Petitioner has not demonstrated "special circumstances" that would obviate the need to fulfill the exhaustion requirement, the Court will not consider Petitioner's claims. *Dickerson*, 816 F.2d at 226 (holding that right to speedy trial is not a per se "special circumstance").

For these reasons, the instant petition will be dismissed for failure to state a claim upon which relief can be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this the 3rd day of August, 2012.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

[7] R. Mot. to Dismiss, Ex. B.

[8] *Id.*